IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CHARLENE A BOEHM and cpsBIORESEARCH, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> FUTURE TECH TODAY, INC., JOSHUA KORN a/k/a/ JOSHUA PARKER, and AAA PRODUCTION, INC., <br><br> Defendants. | Civil Action No.: 3:13cv831 <br> (Jury Trial Demanded) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AS TO DEFENDANT AAA PRODUCTION, INC.**

**I. INTRODUCTION**

Defendant AAA P, Inc. ("AAAP") respectfully requests that the Court dismiss this lawsuit as to AAAP for lack of personal jurisdiction in that AAAP does not have sufficient contacts with North Carolina to justify general or specific jurisdiction before this court.

**II. FACTS**

1. AAAP is a Utah corporation having its place of business in Chester, Utah. (Affidavit of Jeffrey Garff ("Garff Aff."), ¶ 3, attached hereto as Exhibit A).

2. AAAP does not maintain an office in North Carolina and does not employ any residents of North Carolina. (Garff Aff., ¶ 4).

1

3.  AAAP does not maintain a registered service agent for service in North Carolina. (Garff Aff., ¶ 5).

4.  AAAP does not conduct print, radio, television, or any other advertisements directed at the state of North Carolina and has not conducted promotions or sponsored events in North Carolina. (Garff Aff. ¶¶ 6 and 7).

5.  AAAP does not own or lease any property in North Carolina and has no bank accounts in North Carolina.  (Garff Aff., ¶¶ 8 and 9).

6.  AAAP has a single distributor in North Carolina and drop ships products nationally to customers of that distributor. (Garff Aff., ¶¶ 10 and 11).

7.  U.S. Patent No. 7280874 ("the '874 patent") contains 5 method claims.  (A copy of the '874 Patent is attached hereto as Exhibit B).

8.  The single independent method claim in the '874 patent requires, among other things:

a)  determining a velocity of the electromagnetic radiation through the medium surrounding the genomic material; (Exhibit B, Col. 11, lines 60-61).

b) determining the length of the genomic material;  (Exhibit B, Col. 12, line 1).

c) determining a first therapeutic resonant frequency to influence the genomic material in a first electromagnetic frequency range . . .;  (Exhibit B, Col. 12, lines 2-4).

d) programming the frequency-emitting device to emit the first, or the second resonant frequency; (Exhibit B, Col. 12, lines 16-17). and

e) treating the animal or human with the programmed resonant frequency intended to influence said genomic material, thereby rendering a therapeutic or desirable effect in the animal or human.  (Exhibit B, Col. 12, lines 18-21).

2

9. AAAP's sole products are an amplifier and a sweep function frequency generator with a range up to 20 MHz. (Garff Aff., ¶ 12).

10. AAAP has never determined the velocity of electromagnetic radiation through a medium surrounding genomic material. (Garff Aff., ¶ 13).

11. AAAP has never determined the length of genomic material (Garff Aff., ¶ 14).

12. AAAP has not sold a frequency generator to anyone in the State of North Carolina having a frequency programmed therein which was calculated by the steps set forth in paragraph 8. (Garff Aff., ¶ 15).

13. AAAP has not sold a frequency generator through its distributor in North Carolina which has a frequency programmed therein which was calculated by the steps set forth in paragraph 8. (Garff Aff., ¶ 16).

14. To the best of its knowledge, AAAP has never instructed anyone in the State of North Carolina to determine a frequency as set forth in paragraph 8, nor provided a frequency determined by the steps set forth in paragraph 8 to a resident of North Carolina. (Garff Aff., ¶¶ 17 and 18).

### III.  ARGUMENT

A.  **THE COMPLAINT FAILS TO ALLEGE FACTS TO SUPPORT PERSONAL JURISDICTION**

On December 14, 2012, Boehm and cpsBioResearch filed the present action against AAAP, Future Tech Today, Inc., and Joshua Korn a/k/a Joshua Parker, alleging claims for (1) patent infringement, and (2) wrongful interference with contract. Specifically, the Complaint alleges that AAAP directly infringed the Boehm patent, and that AAAP induced third-parties to

3

infringe the Boehm patent.  It is significant that the patent at issue only includes method claims, and has no apparatus or system claims.

In their Complaint, Boehm and cpsBioResearch claim this Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).  Plaintiffs have not alleged any specific facts on which the Court could find that it has personal jurisdiction over AAAP.  Rather, there is only a single conclusory statement that "AAAP does business in the Western District of North Carolina."   No attempt has been made to allege any fact which would support jurisdiction.  Likewise, there has been no allegation that AAAP induced infringement in North Carolina, or that AAAP interfered with a contract between Plaintiffs and anyone located in North Carolina.

AAAP is not subject to personal jurisdiction in the state of North Carolina. In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proof to establish minimum contacts such that jurisdiction is proper. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001). Federal Circuit law applies to the personal jurisdiction analysis in this case to the claim for patent infringement. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003). Moreover, because the patent infringement claim should be dismissed, the state claim for interference with contract should also be dismissed as this Court would no longer have subject matter jurisdiction.

A court may exercise personal jurisdiction over a non-resident defendant consistent with due process only if the defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)(internal quotations omitted). There are two forms of personal jurisdiction that a forum state may exercise over a non-resident

4

defendant—general jurisdiction and specific jurisdiction. For the reasons stated below, AAAP is subject to neither.

**B.  THIS COURT LACKS GENERAL JURISDICTION OVER AAAP**

The exercise of general jurisdiction is proper where the defendant has continuous and systematic contacts with the forum state, even when those contacts are not related to the cause of action. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003)(citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). General jurisdiction is a high standard and is not met by mere sales into a state. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.,* 566 F.3d 1012, 1018 (Fed. Cir. 2009)(" . . . 'purchases, even if occurring at regular intervals' and visits by personnel in connection with the purchases were insufficient to establish general personal jurisdiction)(Summarizing *Helicopteros* 466 U.S. 408 at 418).

AAAP's contacts with North Carolina do not approximate the type of contacts necessary to confer general jurisdiction. AAAP does not have any bank accounts, offices, employees or other assets in North Carolina.  (Garff Aff. ¶¶ 3-9).  Rather it has a single distributor for whom it drop ships product.  (Garff Aff. ¶ 10). Thus, this Court cannot properly exercise general jurisdiction over AAAP.

**C.     THIS COURT LACKS SPECIFIC JURISDICTION OVER AAAP**

Specific jurisdiction exists when a non-resident defendant deliberately establishes minimum contacts with the forum state, the cause of action arises out of such contacts, and the exercise of jurisdiction is constitutionally reasonable. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-78 (1985). The contacts made by defendants must create a "substantial connection" to the forum state; defendants must have deliberately "engaged in significant

5

activities within a State." *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003)(quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

The Federal Circuit uses a 3-part test to determine whether there is specific jurisdiction. First, did the defendants purposefully direct its activities at residents in the forum; second, does the claim arise out of or relate to those activities; and third, is the assertion of personal jurisdiction reasonable and fair. *Akro Corp. v. Luker*, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995). Additionally, the plaintiff bears the burden to establish minimum contacts. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003). None of these three requirements for specific jurisdiction exist in this case.

      1.     <u>AAAP has not purposefully directed its activities at residents of North Carolina</u>

AAAP, as discussed above, has not purposefully directed any activities at residents of North Carolina. AAAP has only made minimal drop-shipments of GB-4000 devices to North Carolina addresses, but all of these drop-shipments were at the request of third parties. At no time has AAAP ever targeted North Carolina in advertising, or sponsored events in North Carolina. (Garff Aff., ¶¶ 6-7). AAAP does not actively seek distributors in North Carolina. (*Id.*, 23).

      2.     <u>Boehme's claims do not arise out of or relate to any forum activities of AAAP</u>

Plaintiffs have failed to even allege that patent infringement of their method claims are related to any contacts AAAP has had with North Carolina. AAAP simply has not engaged in the type of forum activities that are related to the claims of this case. Such activities would consist of either (1) direct infringement of Boehm's method claims in the state of North Carolina, or (2) acts towards a forum resident that induce them to infringe the method claims of the patent. In their complaint, cpsBioResearch and Boehm do not allege any forum activities of AAAP that

6

would give rise to their patent infringement and inducement allegations for the method claims. Nor can they. No GB-4000 machine having frequencies calculated according to Ms. Boehm's method has ever been sent to North Carolina. (Garff Aff., ¶ 15).

> *(a) AAAP has not engaged in activities in North Carolina that would give rise to a claim for direct patent infringement*

The asserted Boehm patent consists **only** of method claims, and those claims can only be infringed by actually practicing every step of the method. For "a party to be liable for direct patent infringement under 35 U.S.C. § 271(a), that party must commit **all** the acts necessary to infringe the patent, either personally or vicariously." *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301 (Fed. Cir. 2012). The Federal Circuit has explained that, "[i]n the context of a method claim, that means the accused infringer must perform all the steps of the claimed method, either personally or through another acting under his direction or control." *Id.*

The method claims at issue here include calculation steps, such as "determining a velocity of the electromagnetic radiation through the medium surrounding the genomic material," "determining the length of the genomic material," and "determining a first therapeutic resonant frequency." (See Facts, ¶ 8). Each of these steps must be performed by AAAP for a claim of direct patent infringement. However, AAAP has never determined the velocity of electromagnetic radiation through the medium surrounding genomic material. (Garff Aff., ¶ 13). Furthermore, nowhere in their complaint do the Plaintiffs allege that AAAP has "treat[ed] the animal or human with the programmed resonant frequency . . ." in North Carolina.[1] Thus, AAAP's limited forum activities, namely drop-shipping a limited number of common frequency

---

1 The claim for direct patent infringement in paragraph 29 is deficient on its face, as direct infringement would require AAAP to perform each step. Simply selling the machine cannot be direct infringement.

7

generator devices at the request of third parties, do not give rise to a claim for direct patent infringement.

      *(b) AAAP has not engaged in activities in North Carolina that would give rise to a claim for induced patent infringement.*

  Induced patent infringement requires that the defendant (1) knew of the patent, (2) induced the performance of the steps of the method claimed in the patent, and (3) those steps were performed. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1318 (Fed. Cir. 2012). Where the only contacts defendant has with the forum are isolated shipments at the request of third parties, and where the cause of action does not arise out of the isolated shipments, the Federal Circuit has declined to exercise personal jurisdiction. *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1365 (Fed. Cir. 2012)(where "at most, one of the defendants made isolated shipments to [the forum state] at the request of third parties," and "the cause of action for patent infringement here does not arise out of the isolated [forum state] shipments," the Federal Circuit declined to exercise personal jurisdiction over the defendant. The court further stated that the case for personal jurisdiction over the defendant was "not a close call." *Id.*)

  Induced infringement of a method claim requires that all steps of the method claim be performed. In this case, AAAP never induced North Carolina residents to perform the steps of the Boehm method claims, nor do Plaintiffs even allege that AAAP induced North Carolina residents to perform the steps of the method claims. Moreover, the method is one for "determining therapeutic resonant frequencies of electromagnetic radiation for treating an animal or human," and AAAP specifically does not make any claims regarding the use of the GB-4000 device in treating animals or humans (Garff Aff., ¶ 27). AAAP has never distributed frequency

generators preprogrammed with frequencies determined according to Ms. Boehm's method in North Carolina. (Garff Aff. ¶ 16).

As discussed above, AAAP's only forum contacts are minimal drop-shipments of GB-4000 frequency generators at the request of independent, third-party distributors. The Boehm patent does not include any product claims, and the GB-4000 devices AAAP manufactures are capable of multiple, non-infringing uses. As a matter of law, drop-shipping a product capable of multiple, non-infringing uses cannot give rise to a claim for direct patent infringement or induced patent infringement of a method claim that requires multiple steps. The cause of action for patent infringement and inducement does not arise from AAAP's isolated and limited shipment of GB-4000 devices, at the request of third parties, to North Carolina addresses. Therefore, this Court does not have specific jurisdiction over AAAP.

Thus, this Court should decline to exercise personal jurisdiction over AAAP regarding the patent infringement claim and dismiss the claim as to defendant AAAP. Because this Court lacks personal jurisdiction over AAAP for the patent claim, the Court should also dismiss Plaintiffs' state law claim for wrongful interference with contract. *See Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1338 (Fed. Cir. 2008). Plaintiffs have failed to allege a single contact in the state of North Carolina which would have interfered with their contract with any of their licensees.

Undersigned counsel certifies that AAAP's memorandum in support of its motion to dismiss for lack of personal jurisdiction does not exceed the 4,500 word limitation.

Dated this 2nd Day of May, 2013.

s/ Justin Jernigan<br>
Justin A. Jernigan (N.C. State Bar No. 38920)<br>
John P. Higgins (N.C. State Bar No. 17442)

John C. Nipp (N.C. State Bar No. 23406)
SUMMA, ADDITON & ASHE, P.A.
11610 North Community House Rd, Suite 200
Charlotte, North Carolina 28277-2199
Telephone: (704) 945-6734
Facsimile: (704) 945-6735
jjernigan@summalaw.com


Randall B. Bateman (USB 6482)
Sarah W. Matthews (USB 13295)
BATEMAN IP
257 East 200 South, Suite 750
P.O. Box 1319
Salt Lake City, Utah 84110
Tel:  (801) 533-0320/Fax: (801) 533-0323
mail@batemanip.com, rbb@batemanip.com, and
sm@batemanip.com

*Attorneys for Defendant,*
AAA PRODUCTION, INC.

# CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AS TO DEFENDANT AAAP, INC. was served on all counsel of record on May 2, 2013, via the electronic filing system of the Western District of North Carolina.

    This 2nd day of May, 2013.

                                            s/Justin A. Jernigan